Order, Supreme Court, Bronx County (Alexander W Hunter, Jr., J.), entered February 5, 2013, which, after a traverse hearing, granted defendants’ motion to dismiss the complaint with prejudice, unanimously reversed, on the law, without costs, and the motion denied.
“In evaluating whether service is to be sustained, the circumstances of the particular case must be weighed” (Fashion Page v Zurich Ins. Co., 50 NY2d 265, 273 [1980]). Further, CPLR 311, pursuant to which plaintiff purported to make service, is to be “liberally construed” in determining whether service was made on a corporation by delivering the summons to one of the persons delineated in that section (id. at 271). Here, the circumstances were that Nafeesa Greatheart, defendants’ witness at the traverse hearing, worked in an office at which the law firm representing plaintiff had previously served process without challenge. This was known to Joshua Reece, the process server, who was a lawyer at the firm. A substantial responsibility held by Greatheart was to accept service of subpoenas served on defendants. Reece testified that he handed the summons and complaint to Greatheart after having asked several people in defendants’ office where he should go to serve the papers, and having been directed towards the area where her cubicle was located. Greatheart was unable to recall whether she ever had an encounter with Reece, which is not surprising considering that, again, one of her regular duties was to receive legal documents delivered to defendants. To be sure, she did not deny it.
“[Objectively viewed,” the circumstances delineated above compel the conclusion that service on defendants was “calcu *633 lated to give [them] fair notice” of the claims against them (id. at 272). We note that the hearing court did not appear to base its conclusion on any credibility determinations. Rather, it found that both Reece and Greatheart were inexperienced with service of process, leading to their “mutual confusion.” We find this to have been an insufficient basis to dismiss the complaint. Accordingly, service should have been sustained.
Concur—Mazzarelli, J.E, Renwick, Feinman, Gische and Kapnick, JJ.